BAERGA, APPELLANT, *v.* REGISTRAR OF HUMACAO, RESPONDENT.

APPEAL from a Decision of the Registrar of Property Refusing to Record a Dominion Title.

No. 491.—Decided May 20, 1921.

RECORD OF TITLE—DOMINION TITLE—JURISDICTION.—The doctrine laid down in *Nazario v. Registrar,* 16 P. R. R. 635, that the jurisdiction of dominion title proceedings is exclusively in the district court of the district in which the property in question is situated, does not conflict with the holding in *Solá*

*v. Registrar,* 8 P. R. R. 205, and is not affected by that in *Agenjo et al.* v. *Santiago Rosa et al.,* 26 P. R. R. 648, for the former involved a question of jurisdiction regarding a declaration of heirship and the latter a question of jurisdiction to grant authority to alienate property of minors.

The facts are stated in the opinion.

*Mr. C. Domínguez Rubio* for the appellant.

The respondent did not appear.

MR. CHIEF JUSTICE HERNÁNDEZ delivered the opinion of the court.

On October 18, 1920, Antonio Baerga, a married man, brought proceedings in the District Court of Guayama to establish his ownership of a rural property in the ward of Matuyas of the municipality of Maunabo and on January 28, 1921, the said court entered judgment in his favor, ordering that his title be recorded in the registry of property and that a certified copy of the judgment be issued to the petitioner for that purpose.

The Registrar of Property of Humacao refused to record the title in a decision of April 11, 1921, as follows:

"The record is refused  *  *  *  because it appears from the order issued by the District Court of Guayama that the property whose ownership has been adjudged by the said court is situated in the ward of Matuyas of the municipality of Maunabo, which is within the judicial district of Humacao, and the only court having jurisdiction of the proceedings is the District Court of Humacao, according to article 395 of the Mortgage Law and the judgment of the Supreme Court in the case of *Nazario* v. *Registrar,* 16 P. R. R. 635."

The decision of the registrar of Humacao was appealed from by Antonio Baerga, who cites the cases of *Solá* v. *Registrar of Property,* 8 P. R. R. 205, and *Agenjo et al.* v. *Santiago Rosa et al.,* 26 P. R. R. 648, in support of its reversal.

The doctrine laid down in the case of *Solá* v. *Registrar of Property, supra,* does not refer to a case similar to the present case, for that case involved the recording of a declara-

tion of heirship, while in this case it is sought to record a dominion title judgment. As regards the recording of dominion title judgments, we held in the case of *Nazario v. Registrar, supra,* that exclusive jurisdiction is conferred by article 395 of the Mortgage Law upon the Court of First Instance (now the District Court) of the district in which the property is situated, or in which the greatest part of it is situated in case of a property situated in several districts.

That doctrine was not affected, as alleged by the appellant, by the later decision of this court in the case of *Agenjo et al.* v. *Santiago Rosa et al., supra,* for in that case there was no question of jurisdiction of dominion title proceedings, but of jurisdiction to authorize the alienation of property of minors.

As the Mortgage Law makes special provision for jurisdiction in dominion title proceedings in article 395, that article must be followed and not the provisions of the Code of Civil Procedure governing the matter of jurisdiction in ordinary cases.

The General Directorate of Registries of Spain, in its decision of June 11, 1908, fixing the jurisdiction of possessory title proceedings, which the Mortgage Law confers upon the Court of First Instance of the district (now the District Court) wherein the property is situated, and under certain circumstances upon the municipal court, corroborates the jurisprudence laid down in the case of *Nazario* v. *Registrar, supra,* and that doctrine is now ratified.

The decision appealed from must be

*Affirmed.*

Justices Del Toro, Aldrey and Hutchison concurred.
Mr. Justice Wolf concurred in the judgment.